MAR 17 '04  01:41PM COMMON PLEAS COURT CLERK RECORDS                              P.1

FILED
LORAIN COUNTY

7004 FEB 25  P 1: 03

CLERK OF COURTS
RON NABAKOWSKI

**IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO**

CASE NO. 04CV137748

| | |
|---|---|
| **ADVENTA CONSULTING, INC.**<br>2158 Lake Pointe Drive<br>Avon, Ohio 44011<br><br>and<br><br>**PETER DOYLE**<br>2158 Lake Point Dive<br>Avon, Ohio 44011<br><br>Plaintiffs,<br><br>vs.<br><br>**GENERAL MOTORS, CORP.**<br>Latin America, Africa, and Middle East<br>Huntington Center 1<br>2901 SW 149th Avenue<br>Miramar, FL 33027<br><br>and<br><br>**ELECTRONIC DATA SYSTEMS<br>CORPORATION**<br>3450 Lakeside Drive<br>HT 209<br>Miramar, FL 33027<br><br>Defendants. | **JUDGE LYNETT M. McGOUGH**<br><br>**JUDGE**<br><br><br><br>**COMPLAINT**<br>**(JURY DEMAND)** |

Now come Plaintiffs, ADVENTA CONSULTING, INC. and PETER DOYLE, by

and through undersigned counsel, and for their Complaint against the Defendants, do

hereby allege the following:

EXHIBIT A

## COUNT ONE
### (BREACH OF ORAL/IMPLIED CONTRACT)

1.  Plaintiff, Adventa Consulting Inc., is a corporation in good standing in the State of Ohio.

2.  Plaintiff, Peter Doyle, is and at all times relevant acting as President of Plaintiff Adventa Inc.

3.  On or about June 1, 2002, Plaintiffs and Defendant General Motors entered into an oral employment contract.

4.  Defendant, Electronic Data Systems Incorporated (hereinafter "EDS"), is a contract administrator for Defendant General Motors, Corp.

5.  In accordance with the terms of said contract, termination of the employment relationship was to become effective only upon 30 days notice given by either Plaintiff-employee or Defendant- employer.

6.  In accordance with the terms of said contract, Plaintiffs were to invoice Defendants for work performed and to be paid at a rate of $175.00 per hour for work performed in the United States for the first 40 hours/week then at $150.00/hour for hours over 40/week. International work performed by Plaintiffs was to be paid at a rate of $175.00/hour not including travel expenses, based on a minimum 45 hours per week. Said invoices were originally billed to General Motors and then, during term of the agreement, changed to EDS.

7.  As an inducement to lower its/his hourly rate from $260/hour to $175.00 and/or $170.00/hour, Defendants assured Plaintiffs future business dealings.

2

Specifically, a project titled "Middle East Vehicle Sales" project was offered to Plaintiff which was to last at least six months under the same terms.

8. During said employment contract, Defendant General Motors informed Plaintiffs that it would use Defendant Electronic Data Systems as an agent for making payments on behalf of Defendant General Motors.

9. On or about August 8, 2003, in violation of the terms of said contract, Defendants informed Plaintiffs that the employment with Defendant General Motors was immediately terminated.

10. Plaintiffs at all times performed all terms and conditions of employment required of under the terms of said contract.

11. Plaintiffs have not been compensated in accordance with the terms of said contract for worked performed.

12. As a direct and proximate result of Defendants' breach of contract, Plaintiffs have incurred damages in excess of $54,000.00 and are entitled to judgment.

## COUNT TWO
### (UNJUST ENRICHMENT)

13. Plaintiffs re-alleges Paragraphs 1 through 12, as though fully set forth and made a part here of Count Two.

14. Defendants made representations to Plaintiffs with regard to the creation, extensions and/or renewal of a purchase order that, although not necessary, would ensure funding for services performed by Plaintiffs from May through August of 2003.

15. Also, as an inducement to lower its/his hourly wage rate from $265/hour to $175/hour, Defendants also assured Plaintiffs employment for the "Middle East Vehicle Sales" project which was to last at least six months.

16. Plaintiffs at all times performed all terms and conditions of employment required of under the terms of said contract.

17. Defendants have received a benefit from the services provided by Plaintiffs.

18. Plaintiffs have not been compensated in accordance with the terms of said contract for worked performed and/or for work on the "Middle East Vehicle Sales" project that was to last at least six months.

19. As a direct and proximate result of Defendants conduct, Defendants have been unjustly enriched and Plaintiffs are entitled to judgment.

## COUNT THREE
### (PROMISSORY ESTOPPEL)

20. Plaintiffs re-alleges Paragraphs 1 through 19, as though fully set forth and made a part here of Count Three

21. Defendants made representations to Plaintiffs with regard to the creation, extensions and/or renewal of a purchase order that, although not necessary, would ensure funding for services performed by Plaintiffs from May through August of 2003.

22. Also, as an inducement to lower its/his hourly wage rate from $265/hour to $175/hour, Defendants also assured Plaintiffs employment for the "Middle East Vehicle Sales" project which was to last at least six months.

23. Plaintiffs reasonably relied upon these assurances and as a result, continued working on the project at issue.

4

24. After the services were completed by Plaintiff, Defendants refused to create, extend and/or renew a purchase order that would have ensured payment for the services performed by Plaintiffs.

25. Plaintiffs have not been compensated in accordance with the terms of said contract for worked performed and have not been employed for the "Middle East Vehicle Sales" project that was to last at least six months.

26. As a direct and proximate result of Plaintiffs reasonable reliance upon Defendants representations, it has suffered damages and is entitled to judgment.

## COUNT FOUR
## (CIVIL FRAUD)

27. Plaintiffs re-alleges Paragraphs 1 through 26, as though fully set forth and made a part here of Count Four.

28. Defendants informed Plaintiffs that they were renewing a purchase order in May of 2003 that would ensure payments to Plaintiffs for services provided.

29. This information was material to Plaintiffs decision to continue working for Defendants.

30. Defendants knew this information was false and Defendants never renewed the purchase order at issue.

31. Defendants intentionally deceived and/or induced Plaintiffs into performing additional services for their own gain.

32. Plaintiffs reasonably relied upon Defendants representations.

33. As a direct and proximate result of Plaintiffs reasonable reliance, Plaintiffs suffered damages and are entitled to judgment.

5

## COUNT FIVE
### (SLANDER/LIBEL/DEFAMATION)

34. Plaintiffs re-alleges Paragraphs 1 through 33, as though fully set forth and made a part here of Count Five.

35. On or about August 4, 2003, Defendant General Motors created and issued a letter to Defendant Electronic Data Systems and other individuals/entities which included false allegations that Plaintiffs had not used its/his best efforts in performing their duties under the employment contract.

36. Defendant General Motors also made verbal representations to third parties to the same effect.

37. Said letter/verbal representations included false accusations that Plaintiffs caused "damage" to Defendant in an amount in excess of $93,600.00.

38. Defendant did not have privilege to issue such letter/verbal representations.

39. Defendant General Motors knew the contents of the letter/verbal representations were false.

40. As a direct and proximate result of Defendant General Motors actions, Plaintiffs have been slandered/libeled and/or defamed.

41. As a direct and proximate result, Plaintiffs have suffered injury to their trade, reputations and other special injury and are entitled to judgment.

## COUNT SIX
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

42. Plaintiffs re-alleges Paragraphs 1 through 41, as though fully set forth and made a part here of Count Six.

6

43.   Defendants' conduct was in bad faith, intentional and malicious.

44.   Defendants' conduct did cause Plaintiff, Peter Dolye, to experience severe emotional and physical distress which manifested itself in many ways including, but not limited to, sleeplessness and ulcer-like symptoms.

45.   As a direct and proximate result, Plaintiff, Peter Doyle, sought medical treatment.

46.   As a direct and proximate cause of said emotional distress, Plaintiff, Peter Doyle suffered damages and is entitled to judgment.

**WHEREFORE**, Plaintiffs demands the following judgment against Defendants jointly and severally:

1.   Compensatory Damages and Lost Profits in excess of $25,000.00;

2.   Punitive Damages;

3.   Prejudgment Interest;

4.   Reasonable Attorneys Fees and Expenses;

5.   Any and all equitable relief this Court deems appropriate.


R. Brian Moriarty (0064128)
R. Brian Moriarty, LLC
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113
(216-566-8228)

MAR 17 '04  01:43PM COMMON PLEAS COURT CLERK RECORDS                              P.8

## JURY DEMAND

Plaintiffs hereby demand a jury of the maximum number permitted by law for any

ad all issues.

R. Brian Moriarty

# D O C K E T  S H E E T

---

| Apr 1, 2004 | Lorain County, Elyria Ohio USA | Page 1 |
| 1:06 pm | General Division | |

General Division
Ron Nabakowski
Clerk of Court of Common Pleas
D O C K E T  S H E E T   for 04CV137748
ADVENTA CONSULTING, INC, et al  vs.  GENERAL MOTORS, CORP, et al

---

Date Filed: 02/25/04                        Style: ADVENTA VS GENERAL MOTOR
                    Judge      : G2

Action    : OTHER TORTS

---

| Judge | Lynett M. McGough | Judge | |
| | | | |
| Plaintiff 1 | | Attorney | 216 566-8228 Gen |
| | | | 216 623-7314 Fax |
| Pty 1 | ADVENTA CONSULTING, INC | MORIARTY, R. BRIAN | |
| | 2158 LAKE POINTE DRIVE | 2000 STANDARD BUILDING | |
| | AVON          OH  44011 | 1370 ONTARIO ST. | |
| | | CLEVELAND, OHIO      44113 | |
| | | | |
| Plaintiff 2 | | Attorney | 216 566-8228 Gen |
| | | | 216 623-7314 Fax |
| Pty 2 | DOYLE, PETER | MORIARTY, R. BRIAN | |
| | 2158 LAKE POINT DRIVE | 2000 STANDARD BUILDING | |
| | AVON          OH  44011 | 1370 ONTARIO ST. | |
| | | CLEVELAND, OHIO      44113 | |

Defendant 1
Pty    3    GENERAL MOTORS, CORP
            2901 SW 149TH AVENUE
            MIRAMAR        FL  33027

            ASSC/PARTY   LATIN AMERICA AFRICA AND
            .            MIDDLE EAST HUNTINGTON
            .            CENTER 1

Defendant 2
Pty    4    ELECTRONIC DATA SYSTEMS
            CORPORATION
            3450 LAKESIDE DRIVE  HT 209
            MIRAMAR        FL  33027

---

| Date | Description | Actions |
|------|-------------|---------|
| 02/25/04 | | FILING |
| | COMPLAINT W/JURY DEMAND FILED. | |
| 02/28/04 | | SUMMONS |
| | SUMMONS W/ COPY OF COMPLAINT SENT CERTIFIED MAIL TO: GENERAL MOTORS, CORP. CERTIFIED MAIL # 716004197425 | |
| 02/28/04 | | SUMMONS |
| | SUMMONS W/ COPY OF COMPLAINT SENT CERTIFIED | |

EXHIBIT B

MAIL TO: ELECTRONIC DATA SYSTEMS  CORPORATION
CERTIFIED MAIL # 716004197426

03/10/04                                                          RETURN
SIGNED RECEIPT FOR CERTIFIED MAIL RETURNED AND FILED.
7160 419 426 ELECTRONIC DATA SYSTEM CORP 03-05-04

03/24/04                                                          RETURN
SIGNED RECEIPT FOR CERTIFIED MAIL RETURNED AND FILED.
7160 419 425 GENERAL MOTOR (03-08-04)

Click the Back Button to Return to Previous Screen

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

ADVENTA CONSULTING, INC., et al.,            )     Case No. 04 CV 137748
                                             )
                    Plaintiffs,              )
                                             )     Judge Lynett M. McGough
        vs.                                  )
                                             )
GENERAL MOTORS CORP.                         )
LATIN AMERICA, AFRICA AND                    )
MIDDLE EAST, et al.,                         )
                                             )
                    Defendants.              )

## NOTICE OF FILING OF REMOVAL

To:  Ron Nabakowski
     Clerk of Courts
     308 Second Street
     Elyria, Ohio 44035

     R. Brian Moriarty (0064128)
     R. Brian Moriarty, LLC
     2000 Standard Building
     1370 Ontario Street
     Cleveland, Ohio 44113

EXHIBIT C

The defendant General Motors Corporation hereby files a true and correct copy of its Notice of Removal, attached as Exhibit 1, which has been filed in the United States District Court for the Northern District of Ohio. This Notice serves to effect a full removal of this case pursuant to 28 U.S.C. § 1446(d), thereby precluding this Honorable Court from proceeding further on this action.

Respectfully submitted,

James D. Thomas (0039424)
Colin R. Jennings (0068704)
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114-1304
(216) 479-8500
(216) 479-8780 (fax)

Attorneys for Defendant
General Motors Corporation

2

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Filing of Removal has been has been served by regular U.S. mail to R. Brian Moriarity, Esq., R. Brian Moriarity, LLC, 2000 Standard Building, 1370 Ontario Street, Cleveland, Ohio 44113, Attorney for Plaintiff and on Geoffrey S. Mearns, Esq. and Brett A. Wall, Esq., Baker & Hostetler, LLP, 3200 National City Center, 1900 East 9th Street, Cleveland, Ohio 44114, Attorneys for Electronic Data Systems Corporation on this 2nd day of April, 2004.

_____
Colin R. Jennings

594440v1

3